

FILED
FEB 27 2013
CLERK, US DISTRICT COURT
NORFOLK, VA

WAYNE D. BUTTS,

    Petitioner,

v.

HAROLD W. CLARKE, Director, Virginia
Department of Corrections,

    Respondent.

Case No.: 2:12-cv-42

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* Petitioner's, Wayne D. Butts's ("Butts"), Petition for a Writ of *Habeas Corpus* filed on January 19, 2012, pursuant to 28 U.S.C. § 2254. The Petition was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Local Civil Rule 72. For the following reasons, the Court RECOMMENDS the Respondent's Motion to Dismiss be GRANTED and Butts's Petition be DENIED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Butts is "serv[ing] a total of (5) years and (32) months"[1] in prison. ECF No. 1 at 15. On March 9, 2011, he pled not guilty to violating Virginia Department of Corrections Operating Procedure 861.1, which pertains to offender discipline. *Id.* at 16. Specifically, on March 3, 2011 and at the Deep Meadow Correctional Center, Butts was cited with violating 861.1(V)(B)(218), which prohibits "[f]ighting with any person." ECF No. 19, attach. 3 at 13. He was afforded a

---

[1] A May 24, 2011, letter from Offender Management Services, Court and Legal Correspondence Section, however, indicates Butts is serving a five year and twenty-eight month sentence. ECF No. 1, attach. 9.

disciplinary hearing, wherein an Inmate Hearings Officer found Butts guilty of the offense and sentenced him to seven days in isolation. ECF No. 1 at 16. On March 28, 2011, Butts appealed this decision to the Facility Unit Head (Level I), claiming:

> (1) the charge he was found guilty of resulted in his being given penalties in excess of what is allowed in D.O.P. 861.1 Offender Discipline, (2) he was denied the right to have an inmate advisor to assist him in preparing for his hearing, having witnesses, and a copy of the video from the dorm, and (3) he was not offered an Informal Resolution Agreement for this being his first charged offense.

*Id.* The Facility Unit Head upheld the Inmate Hearing Officer's decision on April 8, 2011, *id.*, and Butts appealed this decision to the Regional Director (Level II), claiming "the warden did not address all of the issues presented to him ... on appeal."[2] *Id.* The Regional Director upheld the Facility Unit Head's decision on August 10, 2011, *id.*, and "[t]he decision of the Regional Director is final and no further appeals are available to the offender," ECF No. 19, attach. 4 at 14. On September 22, 2011, Butts filed a *habeas* petition in the Supreme Court of Virginia, which dismissed it on November 9, 2011, because "*habeas corpus* does not lie in this matter." ECF No. 1 at 16-17, attach. 3.

On January 19, 2012, while in the custody of the Deep Meadow Correctional Center, Butts filed the instant § 2254 Petition. ECF No. 1. In it he seeks *habeas* relief and maintains he was denied his Fourteenth Amendment right to due process because "[t]he procedure used by the Deep Meadow prison administration fell below the minimum requirement of due process." *Id.* at 20. Specifically, Butts argues the Virginia Department of Corrections violated its Operating Procedure in the following ways: a signed copy of the Disciplinary Offense Report, witnesses, documentary evidence forms, and a video tape were not made available to him prior to his

---

[2] Because fighting is a Category II offense, that type of conviction cannot be appealed to the Regional Director unless, *inter alia*, "[t]he Facility Unit Head has failed to address each issue raised in the offender's appeal." ECF No. 19, attach. 4 at 14.

disciplinary hearing. *Id.* at 17-18, 20. As a result of his conviction and sentence,[3] Butts had his good time credit earning level changed from Level I to Level II, thereby making it more difficult for him to earn such credit, lost his work assignment, and was prohibited from attending computer class for ninety days.[4] *Id.* at 17, 18-19, 21. He, therefore, requests the Court expunge the above conviction and sentence and reinstate the level at which he earns good time credit, which would push up his original expected release date.[5] *Id.* at 22-22. On June 15, 2012, the Respondent filed a Rule 5 Answer, Motion to Dismiss, brief in support, and *Roseboro* notice, ECF Nos. 17-20, and Butts filed a reply brief on July 18, 2012, ECF No. 22.

## II. ANALYSIS

### A. Butts has exhausted his available state court remedies.

Before a state prisoner can file a § 2254 petition in federal court, he must first have exhausted his available state court remedies. 28 U.S.C. § 2254(b)-(c). In order to comply with the exhaustion requirement, a state prisoner must present "the same operative facts and the controlling legal principles" raised in the instant § 2254 petition to the Supreme Court of Virginia on direct appeal or in a state *habeas* petition, *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (quotation marks and citations omitted), in order to give that Court "a full and fair opportunity to review state court proceedings," *Whittlesey v. Circuit Court for Baltimore County*, 897 F.2d 143, 145 (4th Cir. 1990). The burden of proving whether a claim has been exhausted lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994) (citations omitted).

In this case, both parties argue Butts has exhausted his available state court remedies.

---

[3] The Respondent argues "[t]he reduction in Butts' earning level was not a penalty for his conviction on the institutional charge. Rather, the [Institutional Classification Authority] reviewed and reduced Butts' Class Level due to receiving a referral based upon the institutional charge." *Id.*, ¶ 18.
[4] Butts is not requesting the Court reinstate his job assignment or computer class.
[5] Butts also requests "legal expenses incurred by this action." ECF No. 1 at 22.

3

ECF No. 1 at 16; ECF No. 19, ¶ 2. The Court agrees. In accordance with the Virginia Department of Corrections's Operating Procedure, Butts appealed the decision of the Inmate Hearings Officer to the Facility Unit Head, ECF No. 19, attach. 4 at 12 ("An offender has the right to appeal any finding of guilty, and/or degree of punishment imposed, to the Facility Unit Head"), whose decision was then appealed to the Regional Director, *id.*, attach. 4 at 13 ("Within fifteen calendar days after receipt of the Facility Unit Head's response to an appeal, the offender may submit a *Disciplinary Appeal* ... to the Regional Director."). Under the Operating Procedure, the Regional Director's decision "is final and no further appeals are available to the offender." *Id.*, attach. 4 at 14. Rather than file a *habeas* petition in a Virginia circuit court, Butts filed his petition in the Supreme Court of Virginia, and in it presented the same operative facts and the controlling legal principles that he raises in the instant § 2254 Petition. *Id.*, attach. 1 at 6-12. Because the Supreme Court dismissed Butts's petition after being given a full and fair opportunity to review his claims, the Court FINDS Butts has exhausted his available state court remedies.

This finding, however, is only limited to Butts's due process claims concerning his disciplinary hearing. To the extent he alleges constitutional rights violations in the context of other hearings before the Institutional Classification Authority, as he does in his reply brief, ECF No. 22, such claims were not raised before the Supreme Court of Virginia in his earlier *habeas* petition, *see* ECF No. 19, attach. 1 at 2-12, are not exhausted, and, therefore, will not be discussed here.

### B. The Supreme Court of Virginia's dismissal of Butt's *habeas* petition was not an adjudication "on the merits" under 28 U.S.C. § 2254(d).

In dismissing Butts's *habeas* petition, the Supreme Court of Virginia opined "that *habeas*

4

*corpus* d[id] not lie in this matter and the writ of *habeas corpus* should not issue as prayed for." *Id.*, attach. 2 at 15. Although its order is particularly brief, reasonably and presumably the Supreme Court's decision applied the following principle from *Carroll v. Johnson*, 278 Va. 683 (2009):

> disputes which only tangentially affect an inmate's confinement, such as prison classification issues concerning the rate at which a prisoner earns good conduct or sentence credits ... are not proper matters for *habeas corpus* jurisdiction because an order entered in the petitioner's favor in those cases will not result in an order interpreting convictions or sentences that, on its face and standing alone, will directly impact the duration of the petitioner's sentence.

*Id.* at 685 (citation omitted). Here, Butts claims that he unconstitutionally had his good time credit earning level increased from Level I to Level II, which pushed back his expected release date from October 14, 2014, to December 31, 2014. The Supreme Court, therefore, did not adjudicate the merits of that claim, and a *de novo* review standard applies. *See Higdon v. Jarvis*, No. 7:11-cv-00330, 2012 WL 738731, at *4 (W.D. Va. Mar. 5, 2012) ("The Supreme Court of Virginia dismissed petitioner's state *habeas* petition because '[state] *habeas corpus* does not lie in this matter' pursuant to *Carroll*.... Therefore, the Supreme Court of Virginia's dismissal of petitioner's state *habeas* petition did not constitute an adjudication 'on the merits' for the purposes of 28 U.S.C. § 2254(d).... Accordingly, the court reviews petitioner's claims *de novo*.") (citations omitted).

Generally speaking, Butts alleges prison officials at the Deep Meadow Correctional Center infringed his Fourteenth Amendment right to due process by violating disciplinary hearing procedures. "It is well established that prisoners cannot be subjected to arbitrary discipline by prison officials." *Burke v. Clarke*, No. 1:12cv755 LMB/TCB, 2012 WL 5921168, at *2 (E.D. Va. Nov. 26, 2012) (citing *Howard v. Smyth*, 365 F.2d 428 (4th Cir. 1966)). It is also

equally true that "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citations omitted). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply," *id.* (citation omitted), such that a violation of institutional procedures by prison officials does not also mean that a constitutional violation has occurred and *habeas* relief is warranted.

> When a loss of statutory good-time credits ... is at issue, the Supreme Court has mandated procedural safeguards for prison disciplinary hearings, including advance written notice of charges, written findings, and an opportunity—when consistent with an institutional safety and correctional goals—for the inmate to call witnesses and present evidence in his defense.

*Burke*, 2012 WL 5921168, at *2 (citing *Wolff*, 418 U.S. at 563-67). For the following reasons, the Court FINDS the prison officials at the Deep Meadow Correctional Center did not violate Butts's due process rights under *Wolff*.

First, Butts claims he "was not given copies of the Disciplinary Offense Report[] that he signed, as required by D.O.P.(XI),(B),(1)." ECF No. 1 at 17. Butts's citation is incorrect, however. The correct Operating Procedure section he claims the prison officials allegedly violated is 861.1(XI)(B)(7), which requires the Serving Officer to provide a signed copy of the Disciplinary Offense Report to the offender. ECF No. 19, attach. 4 at 2. However, the Inmate Hearings Officer, in a sworn affidavit, states to the contrary: "On March 4, 2011, at 2:00 p.m., Butts was served with a copy of the Disciplinary Offense Report." *Id.*, attach. 3, ¶ 5. Moreover, a copy of the Report, which is signed by the Serving Officer and Butts and attached to this affidavit, indicates it was served on March 4, 2011, at 2:00 p.m. *Id.*, attach. 4 at 19. Operating

6

Procedure 861.1(XI)(A)(1) requires the Report "be served on the offender by midnight of the next working day following discovery of the alleged offense." *Id.*, attach. 3 at 25. The offense for which Butts was cited occurred on March 3, 2011, at 11:08 p.m., and he was served with a copy of Disciplinary Offense Report the next day, March 4, 2011, at 2:00 p.m., in accordance with 861.1(XI)(A)(1). Even if Butts was not served with a *signed* copy of the Report, he does not allege how he was prejudiced as a result.

Butts also claims he was not provided with an advisor "within the 24/48 hr. time frame as requested ... and [as] required by D.O.P. 861.1(XI),(B),(2),(h)." *Id.*, attach. 4 at 1 ("When the offender requests the services of an advisor to assist in preparing *Reporting Officer Response Form, Witness Request Form, Request for Documentary Evidence*, or for considering the Penalty Offer (Rights #2, 3 and 7), the Serving Officer must ensure that a staff or offender advisor is provided within the 24/48-hour time frame."); ECF No. 1 at 17-18. Butts signed the Disciplinary Offense Report, acknowledging he was informed of the charge against him and advised of his rights at the disciplinary hearing. ECF No. 19, attach. 4 at 19. On the Report beneath the questions, "Do you wish to request witnesses?" and "Do you wish to request documentary evidence?," is the question, "Request the services of an advisor?" *Id.* All questions are accompanied by boxes for Butts to mark. *Id.* Butts, however, did not mark the boxes requesting the services of an advisor; he only marked the boxes requesting witnesses and documentary evidence. *Id.* By failing to respond or indicate a preference, a warning that is visibly displayed on the Report, *id.*, Butts effectively waived his right to an advisor to assist him in preparing certain forms. Therefore, Butts, contrary to his claim, did not "request[] the services of an advisor to assist in preparing *Reporting Officer Response Form, Witness Request Form, Request*

7

*for Documentary Evidence*, or for considering the *Penalty Offer*." *Id.*, attach. 3 at 1. Even if the Court presumes Butts's citation to the Operating Procedure is incorrect, such that he actually alleges a violation of 861.1(XI)(B)(3)(a), which guarantees an offender the right to a staff advisor to assist him at the disciplinary hearing,[6] *id.*, attach. 4 at 1, his argument still fails because the Inmate Hearings Officer affirms that "Butts indicated [at the hearing] that he did not wish to have an advisor" to assist him, *id.*, attach. 3, ¶ 6. This assertion is supported by the Facility Unit Head, *id.*, attach. 1 at 14, and the Regional Director, *id.*, attach. 1 at 16. Moreover, if Butts believed an advisor was essential to adequately preparing his defense at the disciplinary hearing, he could have, but did not, move for a continuance, which is authorized under Operating Procedure 861.1(XIV)(B)(8). ECF No. 1 at 18 ("Delaying the hearing would have been moot."); ECF No. 19, attach. 4 at 5 ("Authorized continuances are: ... To obtain an appropriate ... advisor to assist the offender.").

Butts further claims "[w]itnesses and documentary evidence forms were not made available to him," ECF No. 1 at 20, pursuant to Operating Procedure 861.1(XI)(B)(2)(b), ECF No. 19, attach 4 at 1 ("Copies of the *Reporting Officer Response Form*, *Witness Request Form*, and *Request for Documentary Evidence* will be made available in each housing unit upon request by the offender. If the offender is assigned to Special Housing at the time the disciplinary report is served, the Serving Officer will provide the forms to the offender upon request."). In the Disciplinary Offense Report, Butts requested witnesses and documentary evidence, *id.*, attach. 4 at 19, however, he was in pre-hearing detention, *i.e.*, segregation, between the date of the incident and when the disciplinary hearing was held, *id.*, attach. 5 at 2, such that these forms,

---

[6] The section actually Butts cites to concerns an offender's request for an advisor to assist in preparing various forms or considering a penalty offer. ECF No. 19, attach. 4 at 1.

despite his request, were not allegedly made available to him, ECF No. 1 at 17, 18.

His claim that he requested these forms is not supported by the Facility Unit Head, who denied Butts's appeal, in part, because he "did not request any of the above stated forms according to [his] testimony," ECF No. 19, attach. 1 at 14, and the Inmate Hearings Officer, who states "had he made the request for [forms and witness information], staff would have assisted him," *id.*, attach. 3, ¶ 9. Furthermore, in the ICA Referral Notice, which Butts signed, the three "Witness Request" fields are left blank. *Id.*, attach. 2 at 4. To the extent Butts timely asked for a Witness Request Form but was not provided with one, he was not prejudiced as a result because at the disciplinary hearing when asked about witnesses, he responded, "I really don't think I have any," *id.*, attach. 3 at 6, a fact that is supported by the Regional Director, *id.*, attach. 4 at 23 ("nor did you have any witnesses to request").

As to documentary evidence, Butts claims a video tape depicting the incident was not made available to him to assist him in his defense at the disciplinary hearing. ECF No. 1 at 20. However, according to the Facility Unit Head, he did not ask for a Request for Documentary Evidence form, *id.*, attach. 1 at 14, which is supported by the Inmate Hearings Officer, who also states that Butts "verbally requested a video" but "failed to submit any paperwork ... in order to have such evidence," *id.*, attach. 3, ¶ 6. To the extent Butts timely asked for this form or otherwise requested a copy of the above video tape, *Wolff* is clear "that the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. Here, the Inmate Hearings Officer states "Butts would not have been provided copies of the housing unit video due to security concerns," ECF

No. 19, attach. 3, ¶ 9, and the Regional Director seconded this finding, "The video tape is considered physical evidence of a security nature and would not have been allowed," *id.*, attach. 4 at 23.

Accordingly, the Court FINDS Butts's due process rights, as stated in *Wolff*, were satisfied when he received notice of his claimed offense, the evidence to be used against him was disclosed, he was permitted to confront and cross-examine whatever witnesses there were,[7] a neutral and detached Inmate Hearings Officer conducted the hearing, and that Officer stated his findings and the facts upon which his findings were based in writing.

### III. RECOMMENDATION

For these reasons, the Court RECOMMENDS the Commonwealth's Motion to Dismiss, ECF No. 18, be GRANTED and Butts's Petition for a Writ of *Habeas Corpus*, ECF No. 1, be DENIED.

### IV. DISPOSITION OF PETITIONER'S OUTSTANDING MOTIONS AND OBJECTIONS

Because the Court recommends Butt's Petition be denied, the Court also DENIES his Motion to Strike, ECF No. 31, and "Motion for the Respondent to Produce Documentation Showing the Sequence of Sentences Being Served by the Petitioner," ECF No. 33.[8] Specifically, as to the Motion to Strike, Butts claims the Inmate Hearings Officer's affidavit, which was attached to and filed with the Respondent's brief in support of its Motion to Dismiss, ECF No.

---

[7] Butts raised the additional argument in his reply brief that he "was not allowed to question the reporting officer" at the disciplinary hearing. ECF No. 22, ¶ 23. The Disciplinary Offense Report, however, advised him of his right to question the reporting officer "*by submitting a reporting officer responsible form for Category II offenses.*" ECF No. 19, attach. 2 at 2 (emphasis added). Because there is no allegation that Butts ever completed or timely submitted this form—in fact, the Inmate Hearings Officer states Butts "did not submit any request forms to have the reporting officer present," *id.*, attach. 3, ¶ 6—he was not entitled to question the reporting officer at the disciplinary hearing.

[8] Although the Respondent answered the second Motion, he did not respond to the first Motion, but the time to respond has lapsed. Both Motions are, therefore, ripe for disposition.

19, attach. 3 at 1-5, is false and should be stricken. As an initial matter, the Court does not take lightly allegations that a person has committed perjury by falsifying information submitted to the Court for its consideration. However, after reviewing Butts's Motion and the pleadings in this case, the Court FINDS the Inmate Hearings Officer's affidavit is not necessarily inconsistent with Butts's averments and, therefore, should not be stricken. For example, the Inmate Hearings Officer states that Butts "failed to submit any paperwork to [him] as required in order to request such evidence" and "did not submit any request forms to have the reporting officer present." *Id.*, attach. 3 at 3. These statements do not necessarily contradict Butts's claims that he did not have access to "any paperwork" and "was not in a position to obtain the forms requested by him." ECF No. 1 at 17, 18. Although the Inmate Hearings Officer discussed Butts's failure to submit the necessary paperwork, specifically certain forms, and Butts discussed his inability to receive these forms, these versions are not facially inconsistent.

Butts also objected to the Court's October 25, 2012, Order, claiming the Court erred by not finding his correctional facility is denying him meaningful access to the Court. ECF No. 30. To the extent Butts raises an objection that is legally cognizable, the Court AFFIRMS its prior Order because based on the number of filings Butts has made, approximately nineteen in this case alone,[9] it does not appear he is being denied access to the Court.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Butts is notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C)

---

[9] Butts also filed another § 2254 petition that is currently pending in this Court, *Butts v. Clarke*, 2:12-cv-210.

11

and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is DIRECTED to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent. The Clerk is further DIRECTED to amend the name of the Respondent in the caption of the case to read "Harold W. Clarke, Director, Virginia Department of Corrections."

/s/ Lawrence R. Leonard
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
February 27, 2013

12

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Wayne D. Butts, #1071962
Dillwyn Correctional Center
Post Office Box 670
Dillwyn, Virginia 23963-0430
*Pro Se*

John Michael Parson
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Counsel for the Respondent

/s/
Fernando Galindo
Clerk of the Court

By: _____
Deputy Clerk
February 28, 2013